IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00374-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JESUS ISMAEL SOTO-SOTO,

      Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on October 25, 2017. The court has taken judicial notice of the court's file. In addition, the court has considered the proffers by the government and defendant.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the entire court file, and have considered the proffer submitted by the government and defense counsel and the arguments of counsel.

Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

    First, the defendant has been charged in the Indictment with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C.§§841(a)(1),(b)(1)(A)(viii).

    Second, based upon the Indictment, I find probable cause exists as to the above charged offense.

    Third, I find that defendant is lifetime resident and citizen of the Republic of Mexico and has been in Colorado roughly two months. Defendant is legally in the United States on a visa to visit friends. Defendant has a valid Mexican passport that was seized at the time of his arrest. Defendant is unemployed and does not appear to have any financial or familial ties to Colorado. Defendant does not have valid Colorado driver's license.

    Fourth, I find that the rebuttable presumption of detention as outlined in 18 U.S.C. § 3142(e)(3) and (f) applies based upon the charge brought against the defendant in the Indictment. The defendant has not rebutted this presumption.

    In light of these facts, I find, by a preponderance of the evidence, that defendant is a flight risk and that no condition or combination of conditions of release will reasonably assure his presence in court. Accordingly, I order that the defendant be detained without bond.

    Done this 25th day of October 2017.

    BY THE COURT

    <u>S/ Michael J. Watanabe</u>
    Michael J. Watanabe
    U.S. Magistrate Judge